IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Fate Filyaw, | C/A No. 0:15-2894-JMC-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| E. Bittlenger, *Disciplinary Hearing Officer, Evans Corr. Inst*; Major Charles West; Ofc D Fuller; Sgt Waddell; LT Powell, | |
| Defendants. | |

The plaintiff, William Fate Filyaw, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.     Procedural Background**

Plaintiff alleges that a "search team" discovered three cellular phones and a weapon in Plaintiff's cell on July 14, 2015. (ECF No. 1 at 3.) Plaintiff's cell-mate allegedly took responsibility for the contraband; however, Plaintiff indicates that he was written up on July 15, 2015 by Defendant Waddell for the offenses of possession of a cell phone and possession of a weapon. (Id.) Defendant Fuller is named for serving Plaintiff with disciplinary papers, but allegedly providing Plaintiff an incorrect copy. (Id.) Plaintiff further complains that both Defendant Waddell and Defendant Powell prepared incident reports about the contraband discovery which contain different times when the incident is alleged to have occurred. (Id. at 3-4.) Plaintiff indicates that he was found guilty of the offenses by Defendant Bittlenger at a disciplinary hearing held on July 21, 2015.

(Id.)  Plaintiff complains that Defendant West failed to allow Plaintiff to listen to a tape recording of his disciplinary hearing.  (Id. at 2.)  A disciplinary report attached to the Complaint indicates that Plaintiff lost good conduct time credits due to the conviction.  (ECF No. 1-2 at 3.)  Plaintiff seeks monetary damages and reversal of the allegedly improper disciplinary conviction.[1]  (ECF No. 1 at 5.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant

---

[1] To the extent Plaintiff may be seeking the return of his good conduct time, such relief is not available under § 1983.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)(holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).



who is immune from such relief."[2]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

---

[2] Screening pursuant to § 1915A is subject to this standard as well.

or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Analysis

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

#### a. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Hicks v. James, 255 F. App'x 744, 747 (4th Cir. 2007) ("The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing any action under federal law with respect to confinement."). The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). While a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense and not a jurisdictional infirmity, Jones v. Bock, 549 U.S. 199 (2007), if the lack of exhaustion is apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint is appropriate. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th

PJG

Cir. 2005); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006).

In this case, Plaintiff indicates that he filed a Step One grievance regarding the matters raised in this Complaint on July 21, 2015. (ECF No. 1 at 2.) Plaintiff further states that no final agency determination regarding the grievance had been received at the time he signed the Complaint on July 26, 2015. (Id. at 2, 5.) As it is clear from the face of Plaintiff's pleading that he filed the Complaint prior to the exhaustion of his administrative remedies, Plaintiff's § 1983 claims are subject to summary dismissal for lack of exhaustion of administrative remedies.

### b. Due Process Claim

Disciplinary proceedings which implicate a protected liberty interest demand due process. See Wolff v. McDonnell, 418 U.S. 539 (1974).[3] To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of life, liberty, or property by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). In this case, Plaintiff alleges due process violations associated with disciplinary proceedings which resulted in the loss of good conduct time.

However, the Supreme Court has held that a prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994); see also Kerr v.

---

[3] In Wolff, the United States Supreme Court held that where a disciplinary hearing affects a liberty interest, inmates must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action; and (4) a fair and impartial tribunal. Wolff, 418 U.S. at 563-67.



Orellana, 969 F. Supp 357 (E.D. Va. 1997) (holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded by Heck). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended this holding to a prisoner's claim for damages regarding loss of good time credits. Id. at 648 (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"). While Heck does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, see Muhammad v. Close, 540 U.S. 749, 751 (2004), in situations where the administrative action affects credits toward release based on good time served, Heck bars the § 1983 claim. See Edwards, 520 U.S. at 648. In the present action, Plaintiff provides no facts to demonstrate that his institutional conviction, resulting in the loss of earned good conduct time credit, has been invalidated. Accordingly, even if the court were to find Plaintiff's due process claim administratively exhausted, such a claim is premature based on the holdings of Heck and Edwards.

### III. Conclusion

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 13, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).